MAYER BROS. POULTRY FARMS, Plaintiff, *v.* ELY MELTZER, Individually and as President of the Poultry Shochtim Union of Greater New York, Local 370, an Unincorporated Association, et al., Defendants.

Supreme Court, Special Term, New York County, April 30, 1948.

*David I. Ashe* for defendants.

*Newman & Bisco* for plaintiff.

MILLER, J. It is unnecessary for the purposes of the present motion to dismiss the complaint for alleged insufficiency to determine whether a labor dispute within the meaning of section 876-a of the Civil Practice Act exists between the parties, or whether the purposes of the defendants constitute a lawful labor objective. This is so for the reason that except for conclusory allegations as to undefined and unspecified threats the complaint alleges merely that the defendants have been guilty of peaceful picketing. There are no charges of violence or that the picketing is accompanied by false statements. It follows that the complaint fails to state a good cause of action.

In *Bakery Drivers Local* v. *Wohl* (315 U. S. 769, 774) the United States Supreme Court, in an opinion by Mr. Justice JACKSON, said: " So far as we can ascertain from the opinions delivered by the state courts in this case, those courts were concerned only with the question whether there was involved a labor dispute within the meaning of the New York statutes, and assumed that the legality of the injunction followed from a determination that such a dispute was not involved. Of course that does not follow: one need not be in a ' labor dispute ' as defined by state law to have a right under the Fourteenth Amendment to express a grievance in a labor matter by publication unattended by violence, coercion, or conduct otherwise unlawful or oppressive."

The case involved the legality of peaceful picketing unaccompanied by false statements. It is to be noted that the court, in referring to its denial of certiorari in *Opera On Tour* v. *Weber* (285 N. Y. 348, certiorari denied 314 U. S. 615) pointed out (p. 775) that in that case " the question of the existence of a right to free speech under the Fourteenth Amendment was neither raised nor considered." In *People* v. *Muller* (286 N. Y. 281), the Court of Appeals, in an opinion by Chief Judge LEHMAN, after stating that a labor dispute within the meaning of section 876-a of the Civil Practice Act was there involved, declared (p. 284) that: " Even were that not true, however, peaceful picketing by the members of a union in front of a business served by the union is the exercise of a right of free speech guaranteed by the Constitution of the United States as construed by the Supreme Court of the United States. [Citing cases.] Construction of the Federal Constitution by the Supreme Court of the United States is binding on all State courts." Other cases to the same effect are *Thornhill* v. *Alabama* (310 U. S. 88), *A. F. of L.* v. *Swing* (312 U. S. 321), *Bakery Drivers Local* v. *Wohl* (313 U. S. 572) and *Cafeteria Union* v. *Angelos* (320 U. S. 293). In the last-cited case the labor union was picketing a cafeteria operated by the respondents who conducted the business themselves without the aid of any employees, and the courts of this State had held that no labor dispute within the meaning of section 876-a of the Civil Practice Act was therefore involved. The United States Supreme Court held that orderly and peaceful picketing was nevertheless valid.

The motion to dismiss the complaint is granted, with leave to serve an amended pleading within ten days from the service of a copy of this order with notice of entry.